# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ELENA C. GIARRATANO,**

      Plaintiff,

v.                                            **Case No. 8:11-cv-178-T-27AEP**

**GRADY JUDD,**

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *in forma pauperis*. The Plaintiff has brought the present action for a violation of her "Civil Rights, by persons acting under color of State authority" under 42 U.S.C. § 1983, and a violation of the Fourth Amendment of the U.S. Constitution, against Defendant Grady Judd, the Polk County Sheriff. (Dkt. No. 1 at 1.)

The district court must dismiss an *in forma pauperis* complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed.Appx. 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009). The "plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  In reviewing the complaint, the Court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, liberal construction cannot serve as a substitute to establishing a valid cause of action.  *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Section 1983 requires a plaintiff to show that she "was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir.2001); *see* 42 U.S.C. § 1983 (1996)[1].  "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb County, Ga.*, 103 F.3d 1510, 1512 (11th Cir.1997); *Cannon v. Taylor*, 782 F.2d 947, 949 (11th Cir.1986) ("[T]o sustain a 1983 action, a plaintiff must make a prima facie showing that the act or omission of a person acting under color of state law deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.").  A district court

---

[1]  Section 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983 (1996).

2

considering dismissal in a Section 1983 case "should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 709-710 (11th Cir. 2010).

In this case, the Plaintiff's claims stem from an incident occurring on November 21, 2010. According to the Plaintiff, that night, the Defendant "pounded on [the Plaintiff's] back door," asking her to "step outside" so she could "talk about [her] neighbors." (Dkt. No. 1 at 1.)  The Plaintiff claims that she told the police that she "had been asleep, am not well, ... and cannot talk any further."  After her conversation with the Defendant, the Plaintiff looked out of her front window and saw police lights being "flashed through it," with several police cars present, one of which was "parked sideways across my driveway and numerous officers walking about, with flashlights & batons, in hand." (Dkt. No. 1 at 1-2.)  The Plaintiff claims that a "panic attacked [sic] gripped my mind and body!" (Dkt. No. 1 at 2.)  The next day, the Plaintiff claims she was informed by her neighbor that the police had been "after a runner." (Dkt. No. 1 at 2.)  Lastly, the Plaintiff notes that she is "in constant fear for my life and safety.  My health is very fragile.  The thought of going about my daily life, with fear of being accosted by the Sheriff's department, is paralyzing me." (Dkt. No. 1 at 2.)

The basis for the Plaintiff's Section 1983 claim, the Fourth Amendment, guarantees that individuals will be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *See* U.S. Const. amend. IV.  Under the Fourth Amendment, searches and seizures "inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980).  However, the Fourth Amendment is not implicated by entry upon

3

private land to knock on a citizen's door for legitimate police purposes unconnected with a search of the premises. *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971); *United States v. Tobin*, 923 F.2d 1506, 1511 (11th Cir.1991) (holding that there was no warrant necessary for officers to approach a house to question the occupants). "Absent express orders from the person in possession," an officer may "walk up the steps and knock on the front door of any man's 'castle,' with the honest intent of asking questions of the occupant thereof." *U.S. v. Taylor*, 458 F.3d 1201, 1204 (11th Cir. 2006) (citing *Davis v. United States*, 327 F.2d 301, 303 (9th Cir.1964)). Thus, "[o]fficers are allowed to knock on a residence's door or otherwise approach the residence seeking to speak to the inhabitants just as any private citizen may." *See U.S. v. Taylor*, 458 F.3d 1201, 1204 (11th Cir. 2006) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 519 (3d Cir.2003)).

Here, taking every factual allegation as true, the Plaintiff nevertheless fails to establish that she "was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir.2001). The Plaintiff does not allege that the Defendant sought to search the Plaintiff's home, invoking Fourth Amendment protection. Instead, the Plaintiff describes a scene in which the Defendant, accompanied by other police, went to houses in her neighborhood to investigate a crime involving "a runner," presumably meaning a suspect who was on the run. This "knock and talk" interaction described by the Plaintiff is not a violation of a federal right, namely the Fourth Amendment. *See U.S. v. Diaz*, 404 Fed.Appx. 381, 383 (11th Cir. 2010) (recognizing the "knock and talk" exception to the Fourth Amendment's warrant requirement). Thus, the Plaintiff's Complaint fails to satisfy the pleading

4

requirements for bringing a Section 1983 claim, and should be dismissed. *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir.2001).

Accordingly, and after due consideration, it is **RECOMMENDED** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt. No. 2) be **DENIED** and the Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** at Tampa, Florida, this 28th day of June, 2011.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

5

Copies furnished to:

Hon. James D. Whittemore

Counsel of Record

*Pro se* parties